IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIA GREENE, <br> "AJ," | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. JFM-17-688 |
| | * | |
| DAVID JOYNER, | * | |
| ANDREA K. SUGAR, Esq. | * | |
| CIRCUIT COURT OF BALTIMORE | * | |
|   COUNTY, | * | |
| OFFICE OF CHILD SUPPORT | * | |
|   ENFORCEMENT, | * | |
| VICTIM OF CRIME COMPENSATION | * | |
|   BOARD, | * | |
| DEPARTMENT OF SOCIAL SERVICES, | * | |
| SOCIAL SECURITY ADMINISTRATION. | * | |
| MARYLAND VEHICLE | * | |
|   ADMINISTRATION, | * | |
| | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

This action was originally filed on March 13, 2017, by self-represented plaintiff Tia Greene ("Greene") and her minor child "AJ" with a motion for leave to proceed in forma pauperis. ECF No. 1, 2. On March 15, 2017, plaintiffs filed an amended complaint for "Conspiracy; Redress of Grievances for Violation of Constitutional and Other Rights; Preliminary Injunctive Relief and Jury Trial." ECF No. 3. Because Greene demonstrates she is indigent, she will be granted leave to proceed in forma pauperis.

## BACKGROUND

Greene's claims are based on her disagreement with child custody and visitation arrangements made with her former domestic partner defendant David Joyner, against whom she was granted a temporary protective order on May 29, 2013 by the District Court for Baltimore

County in Case No. 0804SP33402013. ECF No. 1 at p. 2. Shortly after, Greene retained defendant Andrea Sugar as her attorney who represented her during visitation and child custody negotiations with Joyner. On September 16, 2013, the Circuit Court for Baltimore County issued an interim order for access, child support and other relief in Case No. 03-C13-8439. ECF No. 3-2 at pp. 15-16.

Greene's complaint alleges a litany of problems with Joyner in the custody, access, and child support arrangements. ECF No. 3 at pp. 4-6. She claims the custody arrangements were based on fraudulent statements made by Joyner, and disputes the amount of child support that she was ordered to pay because she claims she is physically and mentally disabled and unable to work full time. *Id.* at p. 5.

Greene claims that on October 20, 2016, Joyner "brought the minor child back" and the child now lives with her. *Id.* Greene states without income and with scant resources, she has been caring for the child on average 90% of the time since then. *Id.*

Greene faults the Circuit Court for Baltimore County for denying her "numerous motions for relief, accommodations for disabilities, motions to modify child support/visitation/custody order and petitioner for protection from domestic violation" without consideration of the facts. ECF No 3 at p. 6. She faults the remaining defendants for failing to prevent further injury to her person and property. *Id.*

Greene complains defendants caused her pain and suffering, loss of time and "consortium" with her child, and faults them for causing her to default on her student loans, her failure to renew her nursing license, and the revocation of her drivers' license. ECF No. 3. She requests unspecified financial relief of unstated sum, unspecified injunctive relief,

accommodations for her claimed mental and physical disabilities, and protection under the Federal Witness Program.

## DISCUSSION

As a preliminary matter, Greene may not represent the claims of her minor child unless she is a member of the Bar of this court. Local Rule 101.1.a.[1] Requiring Greene to clarify AJ's representation, however would serve only to delay disposition of this matter.

Greene filed the complaint under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful too of its obligation to liberally construe self-represented pleadings, such as Greene's complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a district court can ignore a clear failure in this pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

Even affording Greene's lengthy and at times incomprehensible complaint liberal construction, the complaint fails to state a claim upon which relief may be granted. "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). A district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no

---

[1] Although "AJ" is listed as a plaintiff, it is unclear what claims are being raised on the child's behalf.

party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Federal jurisdiction is available only when a 'federal question' is presented or the parties are of diverse citizenship and the amount in controversy exceeds $ 75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

This court does not have original subject-matter jurisdiction over matters concerning child support. *See Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger, more direct interest). Although diversity of the parties' citizenship is not alleged here as a basis for jurisdiction, it bears noting that this court cannot review a child support case even where the moving party establishes diversity jurisdiction. *See Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights). Although Green claims Joyner and Sugar violated her rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and "numerous Acts of Congress," she alleges no facts to support a constitutional claim.[2]

Further, under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the

---

[2] Greene also alleges claims arising under state law. ECF No. 3. In the absence of federal jurisdiction, the court need not consider whether to exercise supplemental jurisdiction over the state law claims.

4

citizens of another state, unless it consents. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.

If Greene intends to sue the Social Security Administration for denying her application for disability payments on March 20, 2015 (ECF No. 3-2 at p. 35), her appeal rights are shown on the decision rendered in her case. *Id.* at p. 37. Greene may also file a new Social Security application for disability benefits. *Id.*

If Greene is seeking to appeal the state court judgments in connection with child support, she must file his appeal in the appropriate state court. "Under the *Rooker-Feldman*[3] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell,* 336 F. 3d 311, 316 (4th Cir. 2003) quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this court is free to raise it sua sponte. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997).

## CONCLUSION

For these reasons, the case will be dismissed without prejudice. A separate order follows.

_____          _____
Date                                                  J. Frederick Motz
                                                             United States District Judge.

---

[3] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923).